UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-08673 RGK (SPx) | Date | February 19, 2016 |
|---|---|---|---|
| Title | *Wendy Chowning and Lourdes Casas v. Kohl's Department Stores, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) OSC re: Duplicative Cases

On June 11, 2015, Steven Russell and Donna Caffey filed a class action complaint against Kohl's Department Stores, Inc. ("Russell Action"). The complaint in the Russell Action alleged that Kohl's advertising practices violated California's False Advertising Law ("FAL") and Unfair Competition Law ("UCL"). Each item that Kohl's offers for sale in its stores displays two prices: (1) the selling price and (2) a significantly higher price that is represented to be the item's "regular" or "original" price ("Actual Retail Price" or "ARP"). Plaintiffs in the Russell Action claimed that the ARPs affixed to each item were false prices that mislead consumers.

On July 21, 2015, Wendy Chowning and Lourdes Casas filed an identical class action complaint against Kohl's ("Chowning Action"). The complaint in the Chowning Action also alleged that Kohl's advertising practices violated California's FAL and UCL.[1] The allegations in the Chowning Action are premised on the exact same set of facts as those in the Russell Action, namely that the ARPs affixed to Kohl's merchandise were false prices that mislead consumers.

On November 13, 2015, the Chowning Action was designated a related case and transferred to the same docket as the Russell Action. The cases are, in fact, more than just related. Both cases allege the same claims against the same defendant predicated on the identical set of facts. In fact, the class definitions in both Chowning and Russell are substantially similar:

> All persons who, while in the State of California, and between June 11, 2011, and the present (the "Class Period"), purchased from Kohl's one or more items at any Kohl's store in the State of California at a discount of at least 30% off of the stated "original" or "regular" price, and who have not received a refund or credit for their

---

[1] The Chowning Action also adds a claim for violation of the Consumer Legal Remedies Act ("CLRA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-08673 RGK (SPx) | Date | February 19, 2016 |
|---|---|---|---|
| Title | *Wendy Chowning and Lourdes Casas v. Kohl's Department Stores, Inc. et al.* | | |

        purchase(s). (Russell Mot. Class Certification, No. 15-1143, ECF No. 25.)

        . . .

        All persons who, while in the State of California, and between July 21, 2011, and the present, purchased from Kohl's one or more *private or exclusive branded item* advertised at a discount of 30% or more from a stated "original" or "regular" price, and who have not received a refund or credit for their purchase(s). (Chowning FAC, No. 15-8673, ECF No. 44.) (emphasis added)

        The only difference between these two class definitions is that the Chowning Action limits the class members to consumers who purchased private or exclusive items while the Russell Action includes all items, exclusive or otherwise. In other words, the Russell Action encompasses all of the claims alleged in the Chowning Action.

        In light of the substantial overlap between these two cases, the Court issues an Order to Show Cause why the Chowning Action should not be dismissed as duplicative. "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) "The rule against claim splitting is rooted in the district court's broad discretion to control its own docket as well as the court's interests in judicial economy and efficiency." *Beckerley v. Alorica, Inc.*, No. SACV 14-0836, 2014 WL 4670229, at *4 (C.D. Cal. Sept. 17, 2014). The parties are limited to **FIVE PAGES** to be filed within **FIVE DAYS** of this Order.

        **IT IS SO ORDERED.**

                                                                                                                            :

                                                    Initials of Preparer